**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MAIN STREET AMERICA
ASSURANCE COMPANY

   and

NGM INSURANCE COMPANY,

     *Plaintiffs*,

    v.

ADVANCED PLASTERING, INC.

     *Defendant*.

Case No. 2:22-cv-03805-TJS

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties

conferred by phone on November 8, 2022, and submit the following report of their meeting for

the court's consideration:

**1.**     **Discussion of Claims, Defenses and Relevant Issues**

Plaintiffs Main Street America Assurance Company ("MSAAC") and NGM Insurance

Company ("NGM") (together with MSAAC, "Main Street") issued general liability insurance

policies (the "Main Street Policies") to Defendant Advanced Plastering, Inc. ("Advanced

Plastering"). MSAAC issued primary policies (the "MSAAC Policies"), and NGM issued

umbrella insurance policies (the "NGM Policies").

Advanced Plastering has been joined as a defendant in the lawsuit captioned *Haverford*

*Reserve Community Association v. Haverford Reserve, LP*, No. 2016-11177 (Pa. Ct. Common

Pleas Delaware Cnty.) (the "Underlying Lawsuit"). The Underlying Lawsuit was originally

brought by a community association representing 100 homes in a Philadelphia suburb against the

developer and general contractor for the homes (and related corporate entities) for alleged construction defects and resultant damage in the homes. Defendant Advanced Plastering was joined in the Underlying Lawsuit by the original builder defendants. Two of its insurers, MSAAC and Selective Insurance Group, Inc. ("Selective"), are currently contributing to its defense.

Main Street and Advanced Plastering disagree about whether the Main Street Policies obligate Main Street to defend Advanced Plastering in connection with Underlying Lawsuit. Main Street's core arguments raise pure questions of law that require no discovery: (1) the claims against Advanced Plastering in the Underlying Lawsuit are not claims for property damage caused by an occurrence, as "occurrence" is defined in the Main Street Policies, and (2) the pleadings in the underlying lawsuit do not allege property damage that manifested during the policy periods of the Main Street Policies. Advanced Plastering has moved to dismiss the action, contending that to the extent that any damage to the homes occurred as a result of work or materials (products) performed or supplied by subcontractors of Advanced and/or to work or materials performed by others, then such damage was not expected or foreseeable and constitutes an occurrence.

2.      **Informal Disclosures**

The parties have exchanged initial disclosures.

3.      **Formal Discovery**

The parties agree that this case raises only issues of law which are properly resolved using the pleadings, the documents attached thereto, and any exhibits properly included with any filings with the Court. The parties recommend that this Court set a briefing schedule for motions

to dismiss or for judgment on the pleadings before initiating written discovery on any remaining questions or issues.[1]

**4.      Electronic Discovery**

The parties do not anticipate a need for electronic or ESI discovery. The parties will exchange any documents in either PDF or native format at the producing party's option. The parties reserve the right to amend this agreement or move for a new electronic discovery regime if discovery reveals the need for more advanced electronic or ESI discovery.

**5.      Expert Witness Disclosures**

The parties do not anticipate a need for expert testimony in this action.

**6.      Early Settlement or Resolution**

The parties and Selective participated in several sessions of a global mediation of the Underlying Lawsuit. From Main Street's perspective, that mediation raised but did not resolve issues raised in this action. From Advanced Plastering's perspective, the mediation raised but did not resolve the issues raised in the Underlying Lawsuit and remains ongoing.

Advanced Plastering currently believes that alternative dispute resolution in this action could be helpful. Although Main Street believes that this matter can be resolved on the pleadings, it remains open to opportunities for early resolution.

**7.      Trial date**

The parties do not need a specific or firm trial date. Counsel have no irreversible scheduling conflict that would affect the setting of a trial date other than Blair H. Granger, Esquire (lead trial counsel for Advanced Plastering) is attached in Chester County for a two

---

[1] The parties anticipate dispositive motion practice based on the pleadings regarding the duty to defend. If any issues remain after a decision by the Court on the issue of duty to defend, the parties may take discovery concerning the duty to indemnify to the extent that remains part of the case.

week special listing trial commencing October 30, 2023. The parties recommend a trial date between August 2023 and October 2023, which would provide enough time for legal briefing on purely legal issues, any remaining discovery, and pretrial preparation.

**8.      Other Matters**

At this time, there is no joint agreement by the parties to referral of this action to a magistrate judge.

Dated: November 9, 2022

Respectfully submitted,

<div style="display:flex">
<div>

/s/ Gerald D. Wixted[2]
Gerald D. Wixted (Bar No. 54545)
Dilworth Paxson LLP
2 Research Way
Princeton, New Jersey 08540
Telephone: 609-734-6193
Facsimile: 215-893-8537
gwisted@dilworthlaw.com

Susan M. Hogan *pro hac vice*
Joseph Dudek *pro hac vice*
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Telephone: 410-752-6030
Facsimile: 410-539-1269
shogan@kg-law.com
jdudek@kg-law.com

*Attorneys for Plaintiffs Main Street America*
*Assurance Company and NGM Insurance*
*Company*

</div>
<div>

/s/ Blair H. Granger
Blair H. Granger (Bar No. 56025)
David J. Scaggs (Bar No. 82117)
The Granger Firm
1800 E. Lancaster Avenue
Paoli, PA 19301
610-640-7500
blair.granger@thegrangerfirm.com
david.scaggs@thegrangerfirm.com

*Counsel for Advanced Plastering, Inc.*

</div>
</div>

---

[2] Mr. Wixted has signed this for Mr. Granger with his permission.